Stanton v. State.

---

## STANTON v. THE STATE.

### [No. 3,592. Filed June 18, 1901.]

PROSTITUTION.—*Fornication.—Sufficiency of Affidavit.*—An affidavit for prostitution, charging defendant with having committed fornication for hire, is not bad for failure to set out the particular acts constituting the offense.

From Marion Circuit Court; *Fremont Alford,* Judge.

From a conviction for being a prostitute, defendant appeals. *Affirmed.*

*F. Hendricks* and *J. R. Williams,* for appellant.

*W. L. Taylor,* Attorney-General, *C. C. Hadley* and *Merrill Moores,* for State.

WILEY, P. J.—Appellant was prosecuted and convicted in the police court of Indianapolis upon the following affidavit: "State of Indiana, Marion county, city of Indianapolis: Be it remembered, that on this day before the judge of the police court of the city of Indianapolis personally came John Shine, who being duly sworn, upon his oath says that Mary Stanton a female person late of said city and county, on or about the 24th day of August in the year 1900, at and in the city and county aforesaid, did then and there unlawfully frequent and live in a certain house of ill-fame in said city, situate at number —— street, and did then and there unlawfully associate with certain women of bad character for chastity, to wit, Emma Harris Lee Taylor, and did then and there commit fornication for hire with one James King, contrary," etc. She appealed to the Marion Criminal Court, where she moved to quash the affidavit, which motion was overruled. Trial by jury, resulting in a verdict of guilty, and judgment followed. She moved for a new trial and in arrest of judgment. The only question discussed by counsel is overruling the motion to quash.

The statute upon which the prosecution rests is §2090 Burns 1894, which is as follows: "Any female who frequents or lives in houses of ill-fame, or associates with women of bad character for chastity, either in public or at a house which men of bad character frequent or visit; or who commits fornication for hire, shall be deemed a prostitute, and upon conviction thereof shall be fined not more than $50 nor less than $5, to which may be added imprisonment in the county jail not more than thirty days nor less than ten days." This section specifies three distinct acts, either of which if properly charged will make the affidavit or indictment good against a motion to quash. The object of the statute is to define acts which constitute a prostitute and to fix a punishment. One of the acts specified is committing fornication for hire, and the statute says one who does this "shall be deemed a prostitute." If we disregard the first

two acts charged, viz., frequenting and living in a house of ill-fame and unlawfully associating with women of bad character for chastity, still the third act charged—committing fornication for hire—fully defines the offense in the language of the statute.

In *State* v. *Stephens,* 63 Ind. 542, it is said: "This court has held, that, in an indictment for fornication, the offense need not be defined any more particularly than in the words of the statute. *Hood* v. *State,* 56 Ind. 263. Nor need it be averred that the woman with whom the offense was committed was unmarried. *State* v. *Gooch,* 7 Blackf. 468. The word fornication implies, in its meaning, that the woman with whom it is committed is unmarried. Fornication is sexual intercourse between a man, married or single, and an unmarried woman; the sexual intercourse therefore need not be averred. *Hood* v. *State, supra.*"

Under the authorities cited, that part of the affidavit charging fornication is not bad for failure to set out the particular acts constituting the offense, as urged by appellant. The word "fornication" defines itself, for it has a definite and certain legal meaning. When the statute says that a female shall be deemed a prostitute "who commits fornication for hire", the language is so plain that there is no room for construction. We must take the language of the statute for what it says and what it plainly means.

The motion to quash the affidavit was correctly overruled. Judgment affirmed.